UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FARMERS DIRECT PROPERTY AND CASUALTY
INSURANCE COMPANY                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:22-CV-188-KHJ-MTP

JONATHAN ELIJAH YATES                                                       DEFENDANT

ORDER

Before the Court is Plaintiff Farmers Direct Property and Casualty Insurance Company's ("Farmers Direct") [23] Motion to Alter or Amend Judgment, or in the alternative, Motion for Reconsideration. For the following reasons, the Court denies the motion.

I.    Background

This case arises from a single-car accident that occurred on July 18, 2020. Agreed Stip. Order [21] at 1. Defendant Jonathan Yates was injured while riding as a passenger in a car driven by Cameron Flynn. *Id.* at 1. The car was owned by Mitzi and Garry Birks and insured by Plaintiff Farmers Direct. *Id.* Both parties agreed that Flynn was negligent; Yates was a class II insured; and Flynn was an underinsured motorist ("UM"). Order [21] at 1–2. The parties also agreed that sometimes Mississippi insureds are allowed to aggregate or "stack" their UM coverage from multiple vehicles to pay for damages sustained in an accident. *Id.* at 2. The only issue before the Court was whether this was a case where Yates could

"stack" the four $100,000 coverage limits from the Birks' four separate vehicles under their policy. *Id.* at 3.

Based on the Mississippi Court of Appeal's decision in *Brewer ex rel. Brewer v. Mississippi Farm Bureau Casualty Insurance Co.*, 328 So. 3d 721 (Miss. Ct. App. 2021), the Court found that "insurance companies may . . . prohibit a Class II insured from stacking coverage for recovery purposes," if it is "clear and expressly stated in the insurance policy." [21] at 9. But because Farmer's Direct policy restricting stacking was void under Mississippi law, the Court held that the Birks' policy did not contain a clear and express prohibition of stacking required by *Brewer*. *Id.* at 12–14. The Court therefore allowed Yates to stack the four $100,000 UM coverage limits from the Birks's four separate vehicles under their policy. [21] at 14. Subsequently, Farmer's Direct filed its [23] Motion to Alter or Amend the Court's Judgment.

II.  Standard

Rule 59(e) allows a litigant to move to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.* 367 F.3d 473, 479 (5th Cir. 2004) (quotation omitted). "[It] is not the proper vehicle for rehashing" old arguments. *Id.* Nor can it be used to present "new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019).

2

III.    Analysis

Farmer's Direct contends that the Court erred in relying on *Brewer*. *See* Pl.'s Mem. Supp. Mot. Alter J. [24] at 12–16. It argues that the *Brewer* opinion conflicts with the Mississippi Supreme Court's decision in *Meyers v. Am. States Ins. Co.*, 914 So. 2d 669 (Miss. 2005), and the Court is bound to follow *Meyers* instead of *Brewer*. *See id.* at 2–4, 12–16.

Farmers Direct's motion fails because it both rehashes old arguments and presents new arguments. First, as Yates points out in his response, Farmers Direct does not cite any new authority in its memorandum; all the cases about uninsured motorist coverage can be found in Farmers Direct's prior pleadings. *See* Def.'s Mem. Supp. Resp. Pl.'s Mot. Alter J. [26] at 4–5. Second, Farmers Direct's argument that this Court erred in relying on *Brewer* and should have instead followed *Meyers* is a new argument[1] that "could have been raised before the decision issued." *See Banister*, 140 S. Ct. at 1703. Farmers Direct does not present any "manifest errors of law or fact" or any "newly discovered evidence." *See Templet*, 367 F.3d at 479. Accordingly, its motion is denied.

---

[1] In its original pleadings, Farmers Direct agreed that *Brewer* was the governing law. *See* Mem. Supp. Pl.'s Mot. Summ. J. [12] at 15 ("[J]ust recently . . . in *Brewer* . . . the Mississippi Court of Appeals upheld the *Meyers* rule that Class II insureds are no longer entitled to stack the [UM] Coverage limits provided . . . as long as the policy being interpreted has valid anti-stacking language set forth in it."), 18 ("It is important to note that the above ruling by the Mississippi Court of Appeals in *Brewer* was the Majority Opinion and thus the binding and effective ruling of the Court of Appeals."), 22 ("All of this is to say that the Majority Opinion in *Brewer* is the binding law which this Court should follow . . ."); Mem. Supp. Pl's Resp. Def.'s Mot. Summ. J. [19] at 25–26 ("All of this is to say that the unanimous Majority Opinion in *Brewer* is the binding law . . . [and] the Mississippi Court of Appeals clearly held that a UM carrier . . . is entitled to prohibit Class II insureds from stacking the UM coverage provided under its policy as long as the policy includes valid anti-stacking language in it.").

IV.   Conclusion

The Court has considered all arguments and applicable law. Those not addressed would not have changed the outcome. For the reasons stated, Plaintiff Farmers Direct's [23] Motion to Alter or Amend Judgment, or in the alternative, Motion for Reconsideration is DENIED.

SO ORDERED AND ADJUDGED this the 13th day of March, 2023.

s/<i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE